# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SANTOS FRANCISCO
MANTANICO PUAC,

Petitioner,

v.

FERETI SEMAIA, *et al.*,

Respondents.

Case No. 5:26-cv-02354-DMK

**MEMORANDUM AND ORDER
GRANTING PETITION AND
ORDERING RELEASE
FORTHWITH**

On May 5, 2026, Petitioner Santos Francisco Mantanico Puac ("Petitioner"), an immigration detainee, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241, challenging his detention at the Adelanto ICE Processing Center.  ECF 2.

Petitioner, a citizen of Guatemala, entered the United States alone in approximately April 2012, without inspection, at the age of 16.  ECF 2 at ¶¶ 32-33. He has not left the country since then.  *Id.* at ¶ 33.  Some time after 2012, Petitioner obtained a work permit from United States Citizenship and Immigration Services. *Id.* at ¶ 35.  Since approximately March 2016, he has been working at the same job at the same restaurant in Woodland Hills.  *Id.* at ¶ 37.

On or about April 15, 2026, Petitioner was detained by the California Highway Patrol for allegedly driving under the influence and not having lights on while driving. *Id.* at ¶ 3. Later that same day, Petitioner was released from the Sheriff's station, but was immediately arrested by agents from U.S. Immigration and Customs Enforcement upon his release. *Id.* at ¶¶ 4, 38.

Petitioner was then transported to the Adelanto ICE Processing Facility, where he remains. *Id.* at ¶¶ 5, 41. Petitioner never received any notice of ICE's intention to detain him, or the opportunity to have a pre-deprivation hearing. *Id.* at ¶¶ 39, 51.

Through the instant Petition, Petitioner alleges that his detention without notice or a pre-deprivation hearing violates his procedural and substantive rights to due process under the Fifth Amendment, as well as the Immigration and Nationality Act ("INA"). *See generally* ECF 2. Based on these violations, Petitioner seeks immediate release from custody, an injunction against Respondents from re-detaining him absent a pre-deprivation hearing, and an award of attorney's fees and costs under the Equal Access to Justice Act. ECF 2 at 19-20.

Respondents contend that the Petition should be denied because Petitioner has failed to exhaust his administrative remedies, and has not shown that the Department of Homeland Security was not authorized to detain him in the first instance. *See generally* ECF 8. In short, Respondents assert that "Petitioner is being afforded due process under the law in his ongoing immigration proceedings." *Id.* at 4.

The Court disagrees.

As an initial matter, the Court finds that Petitioner, having entered the country without inspection, and having been arrested by immigration authorities while already present in the United States, is being detained pursuant to 8 U.S.C. § 1226, and therefore had a statutory right to a bond hearing at the outset of his detention.

The Court further finds that Petitioner's statutory and constitutional rights

were violated when he was detained without notice or a pre-deprivation hearing.

The Due Process clause applies to noncitizens within the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In deciding what process is due, courts require that some type of hearing be held before the government deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

In the context of immigration detention, the Ninth Circuit has applied the three-part test of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to determine exactly what procedures are required by due process. *Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). The *Mathews* test requires consideration of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedure, and "the probable value . . . of additional or substitute procedural safeguard"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews*, 424 U.S. at 335.

Here, the *Mathews* factors are satisfied. The private interest at stake– Petitioner's complete deprivation of liberty—is indisputably high; the risk of error is high, given the lack of any justification offered for Petitioner's detention; and the government's interest in detaining Petitioner without notice and a hearing is minimal. In sum, the *Mathews* factors favor Petitioner, and the Court finds that procedural due process not only required that Petitioner be provided pre-deprivation notice of the reasons for his detention, but also a post-deprivation hearing on the merits before an immigration judge.

Accordingly, IT IS ORDERED that:

1)    The Petition is GRANTED;

2)    Respondents are DIRECTED to release Petitioner Santos Francisco Mantanico Puac (A# 205-395-830) FORTHWITH. This Order does not provide

Petitioner with blanket immunity from future detention, but any future enforcement actions after release must comply with due process requirements.

3)      Respondents are DIRECTED to return to Petitioner at the time of his release all confiscated documents and possessions;

4)      Respondents are DIRECTED to file a status report within five (5) court days of this Order substantiating compliance with the Court's Order;

5)      Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:   June 22, 2026

_____
HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE

4